IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

H. DANIEL ESTES                                                                   PLAINTIFF

VS.                                                             CASE NO. 4:10-cv-00004-DPJ-FKB

LYON WORKSPACE PRODUCTS, LLC,
ET AL.                                                                            DEFENDANTS

ESCO CORPORATION, SELF-INSURED                                                   INTERVENOR

ORDER

This products liability case is before the Court on Plaintiff's Motion to Remand [8]. Having fully considered the parties' submissions and applicable law, the Court finds that Plaintiff's motion should be granted.

This action was initially commenced in the Circuit Court of Newton County, Mississippi, on July 2, 2009. Although removable at that time, the then-served defendants answered in state court, fully participated in discovery, and never sought removal. In December 2009, Plaintiff sought and received leave to add Ortho Seating, LLC, and Ortho Seating, Inc., as defendants. Ortho Seating, LLC, ("Ortho") filed a notice of removal [1] within Thirty days of having been served, the original defendants joined, and Plaintiff filed a timely motion to remand.

Pursuant to 28 U.S.C. § 1446(b), all properly served defendants must join in the notice of removal. The general rule in the Fifth Circuit is that "if the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 & n. 11 (5th Cir. 1986); *see also Getty Oil Corp. v. Ins.*

1

*Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988) ("In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable).").

Ortho first contends that unanimity was achieved under the revival exception. "The revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein, Inc*., 227 F.3d 236, 241 (5th Cir. 2000). Here, Plaintiff merely added defendants. The amended complaint did not create "an entirely new and different cause of action" for the original defendants. *Id*. at 424. Those defendants still faced the same claims, and their waived right to seek removal was not revived.

Ortho next contends that the Fifth Circuit abandoned the general rule in *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). However, *Braud* considered the issue under the unique jurisdictional requirements of the Class Action Fairness Act (CAFA). *Braud* does not cite *Brown* or *Getty Oil*, does not purport to overrule the general rule addressed in those cases, and has never been applied by the Fifth Circuit outside the CAFA context. Other district courts within the Fifth Circuit have confined *Braud* to CAFA cases. *See Seefield v. Grey Wolf, Inc*., No. 2:08-cv-282, 2009 WL 129613, at *3 (W.D. La. Jan 19, 2009) (declining to extend *Braud* and rejecting application of revival exception where the "change made through plaintiff's amended complaint was to add . . . a defendant"); *Dominion Exploration & Prod., Inc. v. Ameron Int'l Corp*., No. 07-3888, 2007 WL 4233562, at *7 (E.D. La. Nov 27, 2007) (declining to extend *Braud* beyond CAFA).

Removal jurisdiction is strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

2

100 (1941). This matter was not removed within thirty days of service upon the first-served defendant; the first served defendants waived their right to join in the removal; the amended complaint did not revive that right; and the unanimity requirement has not been met. Plaintiff's motion to remand is therefore GRANTED.

**SO ORDERED AND ADJUDGED** this the 28th day of May, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE